FARMERS' LOAN & TRUST COMPANY *v.* THE ST. JOSEPH & DENVER CITY RAILROAD COMPANY and others.

*(Circuit Court, D. Nebraska.   May, 1880.)*

LEASE—PART PERFORMANCE.—A lease which has not been reduced to writing, but has been acted upon and partly performed, will be considered as binding as if signed.

SAME—ULTRA VIRES—RATIFICATION BY STOCKHOLDERS.—Under section 152, p. 204, Statutes of Nebraska, a railroad company in that state cannot make a valid lease of its property and franchises for the term of its charter, without the same being ratified by its stockholders; but when the same have been used for a time under such void agreement, the company, or those representing it, may recover a just compensation for the use of such property during the time it is so used.

In the matter of the petition of the Burlington & Missouri River Railroad Company in Nebraska.

*J. M. Woolworth,* for Burlington & Missouri River Railroad Company in Nebraska.

*John Doniphan* and *A. J. Poppleton* for William Bond, receiver of St. Joseph & Denver City Railroad Company.

McCRARY, C. J.   Prior to the commencement of this cause the defendant company had leased from the Burlington & Missouri River Railroad Company in Nebraska so much of its road as lies between Hastings, Nebraska, and Kearney, Nebraska, including road track, depots, and other property. The contract here called a lease will be referred to more particularly hereafter.

In the present suit (being a bill to foreclose a mortgage upon the road and property of the defendant company) a receiver was appointed, who continued to use said road between Hastings and Kearney, under the terms of said lease, until January 1, 1876.

The said Burlington & Missouri River Railroad Company in Nebraska petitions the court for an order on the receiver to pay certain balances claimed as due under said lease, and it is upon this petition that this case is now before me. The claim of the petitioner is admitted by the receiver except one item, to-wit: a claim of $17,164.95, for depreciation or wear

and tear of the road during the time it was used by the lessee.

The lease was not signed, but having been reduced to writing, acted upon, and partly performed by both parties, it must be considered as binding as if signed. By its terms it was to continue in force during the life of the charter of the said Burlington & Missouri River Railroad Company in Nebraska, and this, it is claimed, made it a lease in perpetuity. Whether this be true or not, the stipulated term was for a long period.

It is insisted on behalf of the receiver that the contract or lease was *ultra vires*, and void. By the Revised Statutes of Nebraska, § 152, p. 204, it is provided that "any railroad company  *  *  *  may mortgage or lease, sell or convey, the whole or any part of its railroad situated within this state, and the rights, privileges, and franchises connected therewith, and other property pertaining thereto, to any person or persons, on such terms and conditions as may be agreed upon.  *  *  *  *Provided, however,* that no sale or purchase shall be made of a railroad situated within this state, of companies without this state, or consolidations effected as provided in this act, until the terms of such sale or consolidation shall have been approved by a majority of the stockholders in interest, in person or by proxy," etc. It does not appear that the lease in question was approved by the stockholders, and it is therefore insisted that it is void under this proviso. It will be observed that the authority to lease is given in terms by the section quoted, while the proviso, in expressing the limitation upon that power, uses only the words "sale," "purchase," and "consolidation," omitting the word "lease." Unless, therefore, the contract in question amounted by its terms, upon a fair construction, to a sale by the Burlington & Missouri River Railroad Company in Nebraska "of the whole or any part of its railroad," and the rights, privileges and franchises connected therewith, the limitation does not apply.

The statute must be held to apply to the transaction in its essence. If a sale is made under the name of a lease or of a

consolidation, it must be held to be within the proviso above quoted. That the contract in question, if given effect, amounted to a sale of part of the railroad, and of the rights, privileges and franchises connected therewith, there can be no doubt. It was, in effect, a sale of one-half of the road, with all its privileges, between Hastings and Kearney, being by its terms a transfer thereof for the whole period of the grantor's charter. It would be impossible, consistently with the plainest rule of construction, to hold that under this instrument no part of the property or franchises of the lessor was intended to be sold. The contract must, therefore, be held unauthorized and invalid, unless it can be shown that it was ratified by the stockholders as required by the statute. It devolved upon petitioner to show such ratification. If it be claimed that this can be shown I will give the petitioner the opportunity to show it, by directing a master to take proof and report upon that question. But if, as I suppose the fact to be, there was no such ratification, my decision is that nothing can be recovered upon the contract as such.

But inasmuch as the transaction is not tainted with any immorality, I hold that the petitioner is entitled to recover, without regard to the contract, a just compensation for the use of its road and property during the time in controversy. And if the petitioner is content to take decree for the sum recommended by the master, less the disputed item for depreciation of property, an order may be made accordingly. If this is not accepted the case will be sent to a master to take further testimony and report what would be a reasonable compensation for the use of the property during the period in question, including the depreciation caused by such use. In the event of such reference the question of the effect of the receiver's admission of certain items as due under the contract will be reserved.